Providence,
 

 Dtjkfee, C. J.
 

 This is an action on the case for injury to tbe plaintiff’s right of common of seaweed on the “common lot,” so called, in South Kingstown. The plaintiff claims the right as appurtenant to his farm, which was formerly a part of the confiscated Sewall estate in South Kingstown. The injury alleged is that the defendant took sundry, to wit, two loads of sea-weed from the “ common lot,” which had drifted there, and which ought to have been left there for the use of the plaintiff on his farm. The defendant admits that the plaintiff has a right of common of sea-weed on the “ common lot,” as appurtenant to his farm ; but claims that he also has a right to take séa-weed from the “ common lot,” either because he is the owner of the fee of the lot, or because he is entitled to the right as appurtenant to his farm, which, like the plaintiff’s, was formerly a part of the Sewall estate. The case is tried to the court on an agreed statement of facts in which it is stipulated that if the defendant has the right of taking sea-weed from the “ common lot,” judgment shall be entered for him for costs ; and that if he has not the right, judgment shall be entered for the plaintiff for one dollar damages and costs.
 

 Whatever right the defendant has to take sea-weed on the “ common lot,” he has under a deed executed March 13, 1787, by Joseph Clarke, General Treasurer of the State of Rhode Island. The deed purports to have been executed for and in behalf of the State, in pursuance of an act of the General Assembly. It purports to convey in fee simple to John Cooke and George Irish, the predecessors in title of the defendant, “ Three certain tracts or parcels of land, together with three tracts or parcels of marsh therewith apportioned.” The deed does not designate the “ common lot ” by name, but in describing the land conveyed, it gives boundaries which, it is said, include the “ common lot.” The defendant therefore claims that he is entitled to it.
 

 In
 
 Knowles
 
 v. Nichols, 2 R. I. 198, decided in 1852, this court held that the deed to Cooke and Irish, considered as a conveyance of the “ common lot,” was ineffectual, because the Gen
 
 *412
 
 eral Treasurer under the act of the General Assembly had no authority to convey it. The case was precisely the same as that now before us. We see no reason to dissent from the conclusion at which the court then arrived, though we- are not quite so clear as the court of that day seem to have been that the conveyance, fairly construed, can be held to have included the “ common lot.”
 

 The defendant contends that if he is not entitled to the “ common lot ” itself, be is entitled to common of sea-weed in it. He claims the right as appurtenant to the three parcels of the Sewall farm conveyed to Cooke and Irish. The Sewall farm originally included the “ common lot ” as a part of it. A conveyance therefore of a part of the Sewall farm would not carry a right of common in the “ common lot ” as a previously existing appurtenance to it. If the right exists under the conveyance, it must have been created
 
 de novo
 
 by the conveyance.
 

 The Sewall farm was sold under the direction of the General Assembly in six parts. A large tract of marsh land was left undivided, but apportioned among the six parts and sold with them. The “common lot” was not sold. No rights, commonable or other, were sold with any one part which were not sold with every other. Lot No. 1, with marsh apportioned, was sold and conveyed to Nathan Kenyon. In
 
 Kenyon
 
 v. Nichols, 1 R. I. 411, decided in 1851, it was held that Kenyon did not acquire by his deed any right of common of sea-weed in the “ common lot.” Lot No. 2, with marsh apportioned, was sold and conveyed to Simeon Potter. It now belongs to the plaintiff. In
 
 Knowles
 
 v.
 
 Nichols, 2
 
 Curtis, 571, decided in 1856, it was held that Potter did acquire by his deed a right of common of sea-weed .in the “ common lot.” The later case contains no reference to the earlier one. We therefore do not know whether the eminent judge who decided the later case considered it to be in conflict with the earlier or distinguishable from it.
 

 It appears from the report of
 
 Kenyon
 
 v. Nichols, 1 R. I. 411, that the deed to Kenyon professed to be executed for the State, by authority of an act of the General Assembly, but contained no other reference to the proceedings under which the land conveyed had been sold. It conveyed the land not by number, but by description, “ with all the buildings, ways, privileges, and ap-
 
 *413
 
 pnrtenances to the same belonging.” 1 R,. I. 413. The court held that the words were apt to convey rights already existing, but not to create them
 
 de novo.
 

 The deed to Potter, as appears by the report of
 
 Knowles
 
 v. Nichols, 2 Curt. 571, was prefaced by a yery full recital of the proceedings of the General Assembly, from which it appeared that the Sewall farm was surveyed and platted by a committee of the General Assembly into lots, with certain rights designated for the several lots, the commonable rights in the “ common lot ” being among them ; that the committee made report thereof to the General Assembly, which thereupon appointed a committee to sell the farm “ in separate divisions or lots agreeable to the said platthat the General Treasurer was empowered to execute to each purchaser a deed conveying an estate of inheritance with warranty; and that the committee of sale afterward reported that they had sold as instructed, naming the purchasers, which report was accepted. The deed as executed conveyed lot No. 2, and the marsh apportioned to it, “ together wdth all the ways, waters, rights, liberties, privileges, improvements, and appurtenances whatsoever to the hereby granted premises belonging, or in any wise appertaining.” It refers to the map or plat for a more complete description of the upland, marsh, and common lot.
 

 The court held that the deed was to be construed in the light of the proceedings recited or referred to, and that, inasmuch as it appeared by the proceedings that the several lots were platted for sale, with commonable rights in the “ common lot ” designated to be appurtenant to them, and were sold agreeably to the plat, and the deed was made to carry the sale into effect, therefore when the deed conveyed lot No. 2, with its appurtenances, it was to be construed to have conveyed not only such appurtenances as had previously existed in fact, but also such as had been designated by the report and plat to go with the lot, thereby annexing them
 
 de novo
 
 to the lot conveyed, for otherwise it would not carry the sale into effect. The construction was accomplished not without effort, but we cannot say that the effort was misapplied, inasmuch as it was applied to effectuate the manifest intention of the legislature.
 

 Now, admitting what the parties themselves seem to admit,
 
 *414
 
 that the construction given to the deed to Potter was correct, the question here is whether the same construction is to be given to the deed to Cooke and Irish, under which the defendant holds. The two deeds should receive the same construction, unless they are materially different.
 

 The deed to Cooke and Irish conveys “ three certain lots, tracts, or parcels of land, together with three tracts or parcels of marsh thereunto apportioned, being numbered four, five, and six,” describing them and identifying them as “part and parcel of the estate of Samuel Sewall which became forfeit,” &c., “together with all and singular the ways, waters, rights, liberties, privileges, improvements, hereditaments, and appurtenances whatsoever unto the hereby granted premises belonging or in any wise appertaining.” The operative words are as broad in the one deed as in the other. The deed to Cooke and Irish differs from the deed to Potter in that it contains no recital of the proceedings of the General Assembly or of its committees, and but slight references .to them. If it is less effectual than the deed to Potter, it is so because of these omissions. But is it less effectual on this account ? It professes to be made by the General Treasurer for and in behalf of the State, “ in virtue and by force of an act of the General Assembly.” Now if we consult the act to which we are thus referred and trace out the authority of the General Treasurer, we must read in doing it the entire record which is recited in the deed to Potter. What greater effect then is given to the deed to Potter by the recital than is given to the deed to Cooke and Irish by the reference ? None, that we can perceive unless the recital is ingrafted into the operative words, in -some manner peculiar to itself, so as to enlarge their operation. There is no such ingraftment. There is no magic in mere juxtaposition. The recital simply saves the trouble of looking up the record. The reason why the deed to Potter was held to convey common-able rights in the “ common lot ” was because it was apparent that the deed was intended to carry into effect the sale of lot No. 2, and lot No. 2 was sold with those rights to go with it. But it is just as apparent that the deed to Cooke and Irish was intended to carry into effect the sale of lots Nos. 4, 5, and 6', and lots Nos. 4, 5, and 6 were likewise sold with commonable rights in “ common lot,” to go with them; why then is it not as legitimate to
 
 *415
 
 hold that the words of conveyance are as effectual to carry them in the one deed as in the other. We see no reason for any distinction.
 

 Peabody
 
 Grafts, for plaintiff.
 

 N 0. PeeJcham, Jr.,
 
 for defendant.
 

 The case at bar is not, in our opinion, distinguishable from the case of
 
 Knowles
 
 v. Nichols, 2 Curt. 571. Neither is it distinguishable, in our opinion, from
 
 Kenyon
 
 v.
 
 Nichols,
 
 1 R. I. 411. We are therefore put to the alternative of choosing between the two cases. We choose the former. The construction elaborated by Judge Curtis has the great recommendation that it carries out the manifest intention of the General Assembly, and it ought to be followed unless there are insuperable objections to it.
 

 In accordance with the agreement under which the case was submitted we give the defendant judgment for his costs.
 

 Judgment for defendant for costs.