247 A.2d 508.

Aram K. Berberian *vs.* Agnes M. Dowd *et al.*

NOVEMBER 15, 1968.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Kelleher, J. This is a civil action to enjoin the defendants from obstructing the plaintiff in the exercise of his alleged right to use a road which extends upon land of certain defendants. Two of the defendants, Agnes M. and Florence H. Dowd, filed a counter-claim which, in substance, described the plaintiff as a trespasser. They therefore asked that he be prohibited from crossing over their property. The case was heard by a superior court justice who denied the plaintiff's complaint and granted the cross complainants' prayer. The case is before us on the plaintiff's appeal.

All the parties are owners of land which is situated in the Quonochontaug section of the town of Charlestown. On June 4, 1965, plaintiff purchased a lot of land with the buildings and improvements thereon located on the westerly side of Sunset Avenue. This real estate is adjacent to and looks out over a body of water known as Quonochontaug Pond. The record shows that on August 28, 1948, a

Rhode Island real estate development corporation, Charlestown Estates, Inc., conveyed this lot by a warranty deed to Frank F. and Bertha Coryell together with

> "* * * a right to cross and recross to and from the ocean and beach in common with others over and across a tract of land 10 feet in width * * *."

This provision in the deed referred to a strip of land 10 feet in width and 300 feet in length which adjoins the Dowd property. The lot was thereafter conveyed by Bertha Atz (formerly Bertha Coryell)[1] to herself and her husband, and they in turn sold the property to plaintiff. None of the latter deeds made any specific reference to the 10-foot strip or to any right-of-way on the Dowd land. In both transfers, plaintiff's lot was conveyed together with all the "rights, privileges and benefits" contained in the deed from Charlestown Estates, Inc., to plaintiff's predecessors in title, the Coryells.

Both the Dowd property and the 10-foot strip are separate, distinct and distant from plaintiff's lot. They lie at least one-half mile to the south of plaintiff's land and are separated from his lot by the land of other individuals and a public highway hereafter called West Beach Road.[2] In fact, the 10-foot strip is surrounded on three sides by the land of different individuals. Its fourth side, of course, is bounded by the shore.

The Dowds own a rather large parcel of land located on the southerly side of West Beach Road. This parcel extends in a general southerly direction from the highway until it meets the Atlantic Ocean. On this property is a dirt road, approximately 20 feet in width, which runs in a

---

[1] The record shows that Frank F. Coryell died December 31, 1955. Thereafter his widow married Arthur B. Atz.

[2] This highway is sometimes referred to in the record as "Quonochontaug Beach Road" or the "Breachway."

general southerly and easterly direction across the parcel to the 10-foot strip.

While plaintiff has ready access to the more placid waters of the pond which flow by his real estate, he sought to use the 10-foot strip and avail himself of the ocean surf which pounds upon the southerly shore of Quonochontaug. To do this, he proceeded in a southerly direction from his Sunset Avenue home, traversed a narrow unmarked way which lies at the end of his street, crossed the public highway, West Beach Road, and passed over the Dowds' dirt road until he reached the 10-foot strip. Shortly after plaintiff commenced his excursions to the ocean, the Dowds erected a wire gate and fence at the intersection of the public highway and the dirt road. They locked the gate and posted a guard who denied plaintiff access to the dirt road. This suit then followed.

An examination of the conveyances which concern the 10-foot strip shows that in 1939, Sophie M. Downie conveyed this piece of land to Charles E. Downie, Jr. with the express stipulation that it was to be used as a right-of-way to the ocean from all the property she owned. In her deed of the strip, Sophie declared that she was also conveying "* * * the right to cross and recross at all times and for all purposes over and across a right of way extending from the premises hereby conveyed [i. e., the 10-foot strip] to the highway across the lands of this Grantor and lands of Emma R. Dowd * * *." Emma R. Dowd was defendant Dowds immediate predecessor in title. Shortly after Charles E. Downie received title to the 10-foot strip, he executed a deed whereby he conveyed four separate parcels of land to Charlestown Estates, Inc. Charles' wife also released her dower right in the property. One of the parcels acquired by the corporation was a large tract of land north of the West Beach Road. It platted this area into house lots and sold them to various persons. One of these lots now be-

longs to plaintiff. The fourth parcel acquired by the corporation was the 10-foot strip.

In his appeal, plaintiff takes no issue with the trial justice's finding that the fee to the dirt road was in the Dowds. What he does challenge, however, is the court's conclusion that plaintiff had no easement in this road.

In the first phase of his appeal, plaintiff indulges in a bit of semantical legerdemain and contends that defendants in their answer conceded that the 20-foot road was a "driftway" and therefore his right to use this roadway was established as a matter of law. A review of the pleadings shows that plaintiff referred in his complaint to the dirt road as a "right-of-way or driftway." In their answer, defendants, admitting the truth of plaintiff's allegation about the "right-of-way or driftway," called the road a "driftway." We concur in the trial justice's finding that the term "driftway" was never used by plaintiff in its technical sense as being synonymous with a public highway. Although G. L. 1956, §24-1-1, as amended, authorizes town councils to lay out driftways in their towns in the same manner and under the same conditions as they are empowered to lay out highways, there was no evidence ever adduced that the Charlestown town council ever declared the 20-foot road was to be a driftway under the provisions of the statute or any predecessor statute.

The hearing held before the superior court on June 29, 1967 was brief and somewhat perfunctory. When it was reached on the calendar, plaintiff made certain stipulations as to defendants' counterclaim. Various exhibits were introduced into evidence with the consent of the parties. The plaintiff introduced two pictures. One was of the barrier built by the Dowds. The other showed the 10-foot strip of land. The defendants introduced five deeds as part of the record. Three of these deeds showed plaintiff's chain of title to his lot. The remaining instruments were Sophie's

deed and the Downies' deed to the realty corporation. The defendants also introduced a survey prepared by an engineer which shows defendants' road, the 10-foot strip and their relation to plaintiff's property. Also incorporated by reference into evidence was the record of an equity proceeding in the superior court whereby in 1959 the corporation which had acquired the four parcels from Charles E. Downie, Jr. was permanently restrained from conveying any rights in and to Dowds' road. The bill of complaint had been brought by the Dowds and the decree had been consented to by all the parties.

As the hearing neared its conclusion, plaintiff was given the opportunity to make as part of the record a series of deeds which he claimed would show the chain of title of the dirt road beginning in the early 1800's up to the present time. The plaintiff said these documents would be presented to the court within a week. At this point, the litigants rested. Some four months later, in October 1967, plaintiff, in apparent compliance with his earlier statement, furnished the court with six deeds. It is interesting to note that plaintiff offered no testimonial evidence whatever in support of his assertion that he has an easement in the Dowds' property.

It is well settled that the burden of proving a right-of-way is upon the person claiming it. *Earle* v. *Briggs*, 49 R. I. 6, 139 A. 499. Because of our concern that a person's title to real estate should remain free and unfettered, we have held an individual who seeks to establish an easement upon the land of another to a high degree of proof. This court has ruled on several occasions that the evidence to establish all the elements of an easement must be clear and satisfactory. *Tefft* v. *Reynolds*, 43 R. I. 538, 113 A. 787; *Day* v. *Proprietors of Swan Point Cemetery*, 51 R. I. 213, 153 A. 312; *Foley* v. *Lyons*, 85 R. I. 86, 125 A.2d 247. The words "clear and satisfactory evidence" are, in our opinion,

synonymous with the term "clear and convincing evidence." In *Parker* v. *Parker,* 103 R. I. 435, 238 A.2d 57, we pointed out that clear and convincing evidence is a degree of proof which lies somewhere in between proof by a preponderance of the evidence and proof beyond a reasonable doubt. It is, we said, a higher degree of proof than what is demanded in the usual civil action.

Here there is a complete absence of any evidence which shows that Sophie M. Downie had the right to convey any interest in this roadway. There is not the slightest shred of testimony to show that at the time she conveyed the strip to Charles E. Downie, Jr., she had acquired a right to use the Dowds' road. The earliest deed in point of time of execution introduced by the plaintiff was an instrument signed in 1895 whereby Joseph York gave Arthur Cowee the right to pass from the Cowee land over the York property to a highway. However, as the trial justice so aptly pointed out, there is no testimony, stipulation or admission in the pleadings which relates the property referred to in the 1895 conveyance with the plaintiff's property or his interest in the 10-foot strip. There was no testimony given as to the past usage of the dirt road. It is clear from our examination of the record that the plaintiff has assembled a meaningless mass of documents which in no way assists him in discharging the burden which was his in the instant case. The action of the superior court in dismissing this complaint was well warranted.

The plaintiff's appeal is denied and dismissed, the judgment of the superior court is affirmed.

*Aram K. Berberian, pro se,* for plaintiff.

*Edwards & Angell, Edward F. Hindle, John H. Blish,* for defendants.