DISCLAIMER
Before rendering its decision this Court makes the following disclosure which was made to both counsel for plaintiffs and for defendants at the time of the filing of their briefs in this matter. At that time the Court, for the first time, noticed that the prior owners of the properties in question were John T. Dufficy and Barbara Dufficy. This Court disclosed to counsel that a Mr. Thomas Dufficy sought advice from me when I was a practicing attorney about what this Court believes were title issues involving land located in the Town of Charlestown. The Court does not recall whether the land was the real estate or right of way involved in the instant matter. Nor does the Court even recall what advice was rendered to Mr. Dufficy. The Court does, however, recall that the matter was not pursued with me as counsel. After disclosing this to counsel the Court inquired if counsel had any problems with this Court's proceeding. Both counsel made affirmative representations to the Court that they had no problem with this Court rendering a decision based on the memoranda filed. Based on that stipulation, the fact that no subsequent advice was rendered to Thomas Dufficy, that the Dufficys are not parties in this litigation, and that actions as regards the right of way in question were mandated by the Charlestown Planning Board, the Court proceeded and the following decision is hereby rendered.
DECISION
Robert J. Mowry and Nancy E. Mowry (plaintiffs) have brought this action seeking injunctive relief preventing Richard S. Wright and Annette E. Wright (defendants) from impairing plaintiffs' use in the Town of Charlestown of an alleged dedication or right of way which adjoins plaintiffs' property and allegedly connects Butter Lane with Hilltop Drive. This Court, based upon the agreed upon record, hereby renders a decision on the merits without a jury or hearing. Jurisdiction is pursuant to G.L. 1956 § 8-2-14.
Facts and Travel
In 1972 John T. and Barbara E. Dufficy (Dufficys) purchased a piece of property located in the Town of Charlestown by warranty deed from John S. Dufficy, and in June of 1973 they filed a preliminary subdivision plan with the Town of Charlestown. This plan would have subdivided the property into six lots. Access to the subdivision was to be through a forty foot private right of way that would serve as an extension of Butter Lane. The Charlestown Planning Board (Board) denied approval of the plat because of this right of way. The Dufficys then filed a revised plat plan that included twenty-seven lots but still provided for the Butter Lane extension. In August of 1973 hearings were held on the proposed plat. At that time several neighbors of the subdivision and members of the Board voiced concerns about the use of this private way as the plat access point. As a result the Dufficys agreed to close off the right of way and to relocate the subdivision entrance.
Based on this agreement the Dufficys purchased an additional piece of property which would allow them to relocate the subdivision entrance to Hilltop Drive off Route 91. This second revised plan was approved by the Charlestown Planning Board in September of 1973. Upon completion of the Wrights' home, Dufficys placed several large boulders at the western end of the right of way where it intersected Hilltop Drive. Additionally, the Dufficys gave the Wrights permission to chain off the eastern end of the way where it connected with Butter Lane. In May of 1974 the Wrights placed this chain across the way, and also with the permission of the Dufficys, constructed a private driveway which was partially located on the forty foot wide section of land. Then on August 15, 1974, the Dufficys sold a section of land adjoining the subdivision and land that made up lot three of the subdivision to Frederick and Michiko Gotaucos. Defendants allege that while this property included a section of the subdivision, it was sold separate and independent of the subdivision, and no reference to the subdivision was made in the deeds. The Gotaucos then sold this property to the plaintiffs by warranty deed on October 5, 1976.
The boundaries of this parcel of land referred to as "other land of J.T. and B.E. Dufficy" are described in both deeds as starting at the edge of Riverside Farm lot 4 with its southerly boundary running along the right of way. The Dufficys, however, remained the actual owners of the property that made up the right of way until September 27, 1984, when they sold the land to the Wrights.
Plaintiffs filed this suit to establish their right to use the Butter Lane extension right of way. This alleged Butter Lane right of way is a forty foot wide section of property bearing the designation "right of way" on the Riverside Farm Plat map recorded in the Charlestown Land Records Book 5 page 47. This extension travels in a northwesterly direction from Butter Lane in Charlestown to Hilltop Drive. The plaintiffs intended to build a home on their previously undeveloped land adjacent to the way and seek to establish their rights to use of the right of way prior to construction. In their complaint, plaintiffs assert three main bases for their right to use the way. First, plaintiffs contend that the right of way has been dedicated to the public use. Second, plaintiffs contend that the purchase of the adjoining property included an easement by implication giving them the right to use the way. Third, plaintiffs claim that by their prior use of the right of way they have adversely acquired right to use of the way.
In their answer defendants deny that plaintiffs have any right to use the property in question. Defendants have also filed a counterclaim seeking a court order clearing any clouds on defendants' title to the forty foot section of property. The defendants also seek recovery of the attorneys' fees incurred in defending this suit.
Plaintiffs' Claims of Dedication
A dedication is the transfer of an interest in land from a private owner to the public generally or to a public body. 20 Am Jur. 2d Conveyances and Titles § 11.6 at 800. In Rhode Island, for a dedication to be effective two things must occur. First, the grantor must have intended to offer the land interest to the public. "Whether a landowner has made an offer to dedicate his property to the public is purely a question of determining from the facts of the particular case the owners intent."Robidoux v. Pelletier, 120 R.I. 425,391 A.2d 1150 (1978). "It is essential to a valid dedication that there be manifested intent by the owner to dedicate the land in question for the use of the public . . . the existence of such an intent to dedicate will not be lightly presumed."Vallone v. Cranston, 97 R.I. 248, 197 A.2d 310, 314 (1964). This intent is to be determined by the grantor's acts and declarations. An intended offer of dedication is termed an incipient dedication. Robidoux, 120 R.I. 425, 391 A.2d 1150.
More specifically, the recordation of a plat in the land evidence records which shows a street or right of way, and the selling of lots with reference to that plat, is evidence of an intent to dedicate. Robidoux 120 RI at 430, 391 A.2d at 1155 andVallone, 97 R.I. 252, 197 A.2d at 314-15. This principle, however, is not an automatic determination of intent. The figures on land development plats may be unclear in their intended meaning.Robidoux, 120 R.I. at 430, 391 A.2d at 1155. For example, inRobidoux, the court found that where a plat had three roads depicted with solid lines and the way in question was depicted in broken lines, the broken lines indicated that the way was not meant for general public use but was restricted to use by those grantees who bought platted lots which referenced the plat.
Second, dedication requires that the offer be accepted by either means of public use or official action. Gammons v.Caswell, 447 A.2d 361, 366 (R.I. 1982). Plaintiffs bear the burden of proving this acceptance by clear and convincing evidence. Vallone, 97 R.I. 252, 197 A.2d at 314, and any acceptance must take the form of some sort of overt act. Senn v. MacDougall,639 A.2d 494 (R.I. 1994).
While the Dufficys' original subdivision plan may have been an offer of dedication, the final enacted plan no longer contained an intended offer. First and foremost is the Dufficys' revocation of any offer to dedicate the way in plat plan one and two. This revocation occurred at the August 1973 hearing. The record of this proceeding clearly illustrates that the Dufficys agreed at that time to eliminate the Butter Lane extension right of way. Since at that time no lots had been sold by reference to the plat, and no public acceptance of the offer had taken place, the Dufficys were free to revoke any offer of dedication. See,Nardone Co. v. Bianchi, 524 A.2d 1114 (R.I. 1987).
Beside the fact that any offer was verbally revoked at the planning board hearing, the fact that the final recorded plat shows the "right of way" cannot be viewed alone or in a vacuum. Rather, it must be viewed in light of all of the surrounding circumstances; for in considering a plat in order to determine intent "all lines, figures and letters must be observed. No part of a plat or map can be considered superfluous or meaningless."Volpe v. Marina Parks. Inc., 101 R.I. 80, 87 225 A.2d 525 (1966).
When viewed in this light it is evident to this Court that the Dufficys had no intent to dedicate the right of way to public use. This finding is supported by the fact that as in Robidoux, while Hilltop Drive and Tall Pines Drive are depicted on the final approved plat map with solid lines, the right of way and the right of way alone is depicted with broken lines. This change in form indicates that there is something different about the right of way. Secondly, as discussed earlier the Dufficys were required to close the street down in order to receive final plat approval. While the plat map which is not referenced in either the Gotaucos' or the Mowrys' deeds may show some sort of right of way, prior to plaintiffs' purchase of the land and to their predecessors' purchase of the land, the right of way had already been actually visibly and physically blocked at both ends. In addition, the Gotaucos were told that they would have to use Hilltop Drive to access the property. They were specifically advised that the Board had required that the Butter Lane right of way be closed and that they could not use the way.
Assuming arguendo that it was the finding of this Court that an offer of dedication was made by the filing of the plat map which depicts the right of way, and that this offer was not revoked, no acceptance of the dedication ever took place, and as a result no general public right of use exists. As discussed earlier, plaintiffs must prove public acceptance by clear and convincing evidence, yet the agreed upon record is devoid of any evidence, except for the mere recording of the plat map, of acceptance. Not only has the town not taken over control or maintenance of the right of way, but there is no evidence of any public use of the right of way. While plaintiffs assert that they have used the right of way "from time to time," even assuming this were true, such use is not sufficient to establish public use.
In fact, the evidence before this court is in conflict with allegations that the dedication was accepted. The Dufficys continue to pay real estate taxes on the right of way property until its sale in 1984. Additionally, the uninterrupted obstruction of the right of way from 1973 to the present supports the conclusion that the land was regarded as private and not public lands.
Alternatively, plaintiffs cannot avoid the effect of the conclusion that no recognizable public dedication has occurred by relying on the Vallone rule that where an incipient dedication of a right of way on a recorded plat occurs and lots within that plat are sold with references to that plat, then the purchasers of those lots have the right to use the unaccepted right of way. This is because plaintiffs did not purchase property which referenced the plat. It is significant that while part of plaintiffs' land is made up by plat lot #3, the metes and bounds description is by reference to Hilltop and Tall Pines Drive, the Pawcatuck River, and the right of way. The sole exception to the total exclusion of plat references is the single boundary description that the lot begins at the southerly corner of lot #4 of the Riverside Farm Subdivision and runs northwesterly along that border. Additionally the tract description states that it is a parcel of land bounded by Hilltop and Tall Pines Drives, not that it is lot #3 of the Riverside Farm subdivision. Similarly no reference to the plat map filed in Book 5 at page 47 is made in the deeds of the Gotaucos or the Mowrys. See, Gammons v. Caswell,447 A.2d 361, 364 (R.I. 1982) (finding property not clearly delineated on a plat map, or referenced by a lot number was not part of the plat subdivision.).
Plaintiffs' Claim of An Implied Easement
The plaintiffs also assert a right to use of the way because they have an implied easement. Plaintiffs seek to rely on the well-known principal that when land is conveyed, with a street or way being designated as one of its boundaries and the grantor of the land owns the land on which the street or way is located, then an easement in that way passes to the grantee by implication. Spangler v. Schaus, 106 R.I. 795, 801, 264 A.2d 161 (1970). In that case however, the trial court specifically made a finding that beyond the actual bounds of the conveyance, the grantor intended to pass the right of way. This finding was based on the fact that the original grantee's deed specifically provided for all the common abutters use of the way, and a plat map showing the way was attached to the deed. Later deeds in the grantee's chain of title stated that they were subject to restrictions, conditions, and covenants contained in prior deeds.
This finding of intent on the part of the grantor is of the utmost importance, because whether or not an easement arises by implication is a matter of the grantor's intent. Kusiak v. Ucci,53 R.I. 36, 163 A.2d 226 (1932). The plaintiffs also bear the burden of proving the existence of this easement by clear and convincing evidence. Berberian v. Dowd, 104 R.I. 585,247 A.2d 508 (1968). Unlike in Spangler the record before this court contains no significant evidence to establish an intent on the part of the Dufficys to grant a right of way to plaintiffs or their predecessors. The deeds involved include no language which could be interpreted as conveying any sort of easement and plaintiffs have produced no other evidence beside the mere boundary reference to establish such an intent. Rather the evidence of record is to the contrary. The evidence establishes that at the time that plaintiffs bought their land from Gotaucos, and when Gotaucos bought the land from the Dufficys, no right of way was intended because the way was blocked at both ends. This evidence further supports the finding that, as was required by the Charlestown Planning Board in 1972 and 1973, no rights of way were created for the Butter Lane extension.
Additionally, plaintiffs' claims that an easement should be implied out of necessity is not supported by the evidence. Such easements are created when a grantor conveys only part of his property, and after severance of the property into two parcels, it is necessary for one landowner to pass over the property of the other to gain access to public highways. Roger A Cunningham, William B. Stoebuck, Dale A Whitman, Real Property 2d. Servitudes § 8.5 at 447. Plaintiffs' deeds clearly state that their land is bordered by Tall Pines Drive and Hilltop Drive. Both these roads have been dedicated to public use as a street and have been accepted by Charlestown as such. Therefore, plaintiffs have alternative rights of way that provide them a means of ingress and egress.
Lastly, plaintiffs have produced no evidence to substantiate their adverse possession claim. To obtain title to land by adverse possession, a party must demonstrate by a preponderance of clear and convincing evidence that they enjoyed uninterrupted, quiet, peaceful and actual seisin and possession of the property for ten or more years, and that this possession was actual, open, notorious, hostile, under claim of right, continuous and exclusive. Gammons v. Caswell, 447 A.2d 361, 366 (R.I. 1982),Walsh v. Cappuccio, 602 A.2d 927 (R.I. 1992). The plaintiffs' mere sporadic use is insufficient. See, G.L. 1956 § 34-7-1.
In conclusion, plaintiffs have failed to establish by clear and convincing evidence that they have any right to use the Butter Lane right of way if, in fact, a right of way exists. Accordingly, this Court hereby enters judgment for the defendants and finds that as to plaintiffs, the defendants' title is clear. Defendants' request for attorney's fees is hereby denied, due to defendants' failure to put forward a valid reason for the granting of such an award. Additionally, defendants' counterclaim seeking a court order to the effect that defendants have clear title to the forty foot wide section of land as to the general population, is also hereby denied as not properly before the Court at this time.
Counsel shall prepare and submit an appropriate order.