DONALD M. BRADISH *vs.* ELIZABETH T. SULLIVAN *et al.*

JUNE 27, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J. This is an action of trespass and ejectment in which, jury trial being waived, decision was rendered for the defendants. The action is here on plaintiff's exception to the decision.

Both parties claim title to the property in question through one John Q. Bradish, the owner of the premises in 1911. Plaintiff is the only child of Stanley P. and Leola P. Bradish, the son and the daughter-in-law of John Q. Bradish. Plaintiff was born November 6, 1907. His parents were divorced in 1914. He claims title to the property by virtue of the following instrument which was executed by John Q. Bradish on November 8, 1911:

"This indenture made the eighth day of November, A. D. 1911, by and between John Q. Bradish of Providence, R. I., of the first part and Leola P. Bradish, wife of Stanley P. Bradish of Apponaug, R. I., of the second part.

"Witnesseth:—That the party of the first part, in consideration of stipulations, covenants and agreements hereinafter reserved and contained, does demise and lease to the party of the second part and their children his lot of land with the buildings thereon located and being on Thurbers avenue in the City of Providence, County of Providence, State of Rhode Island, for the term of until their

youngest child shall become of the age of twenty-one years.

"Upon condition that the party of the second part and their children keep the buildings in good and tenantable repair, pay and discharge all taxes and assessments that may be lawfully taxed or assessed upon said premises or any part thereof, and keep the buildings duly insured against loss or damage by fire.

"To have and to hold the said premises with all the privileges and appurtenances to the same belonging to the party of the second part and their children for and during the said term until their youngest child shall become of age, when the title to said property shall vest equally in their children.

"The right of domicile is hereby reserved to Stanley P. Bradish, husband of said second party.

"The lessor hereby reserves to himself during his natural life the joint occupancy of said premises and to make such changes in the terms and conditions of this lease as he may deem desirable, it being understood that the first party will pay all taxes, assessments and insurance during the continuance of such joint occupancy."

(Then follows the attestation clause and the acknowledgment.)

On October 21, 1913, John Q. Bradish and Leola P. and Stanley P. Bradish entered into the following agreement:

"To whom it may concern. Referring to an agreement made by and between John Q. Bradish, party of the first part, and Leola P. Bradish, party of the second part, both of Providence County, State of Rhode Island, dated the twenty-eighth day of November, 1911, and recorded in book 523, page 132, of the Records in the County Clerk's

office of said county; Be it known, that we, the aforesaid parties, in accordance with the terms and conditions contained in said agreement, reference to which is hereby made for further particulars, mutually join in the following: The aforesaid first party deems it desirable and does hereby and hereon discontinue said agreement and substitute a money consideration therefor. And said second party accepts said money consideration therefor and cancels said agreement . . .

"The said parties bind their respective heirs, executors, administrators and assigns to a due observance of the above. . . . To have and to hold the same, with all the rights, privileges and appurtenances thereunto appertaining, unto and to the use of him the said John Q. Bradish, his heirs and assigns forever."

(Then follows the attestation clause.) This agreement was recorded on October 22, 1913. On the same day John Q. Bradish executed a warranty deed of the property to Timothy G. Sullivan. He took possession of the property and by subsequent conveyances transferred it to the defendants who are now in possession.

On November 3, 1913, Leola P. and Stanley P. Bradish executed the following quitclaim deed to John Q. Bradish:

"Know All Men By These Presents,
"That we, Stanley P. Bradish and wife, Leola P. Bradish, now or formerly of Apponaug, in the State of Rhode Island, hereinafter called the grantors, in consideration of the sum of Ten (10) Dollars to us paid by John Q. Bradish of the City of Providence, in said State, the receipt whereof is hereby acknowledged, do hereby remise, release and forever quitclaim unto him the said John Q. Bradish, his heirs and assigns forever, all the right, title, interest, property, claim and demand, whether

at law or in equity, which we now have, or of right ought to have, or claim in and to . . ."

(Then follows the description of the land in question.)

"Meaning and intending hereby to expressly surrender and release all rights which we may have, or might be supposed to have, in said land by virtue of that lease recorded in the office of the Recorder of Deeds in said city in Deed Book 523 at page 132."

Plaintiff contends that the instrument executed in 1911 either (1) by its granting clause created a life estate in Leola P. Bradish and a remainder in fee in her children by Stanley P. Bradish, or (2) by said granting clause created a life estate in Leola P. Bradish and her children by Stanley P. Bradish as tenants in common, and by the clause in the *habendum*—"When the title to said property shall vest equally in their children"—created a remainder in fee in their children.

The strict requirements of the common law for conveyances of estates have been moderated by statute. Section 21, Chap. 202, G. L. 1896 (now Sec. 21, Chap. 297, G. L. 1923) provides that it shall be sufficient in a deed, in the limitation of an estate in fee simple, to use the word "heirs," or the words "in fee simple" without the word "heirs," and Section 11, Chap. 202 of the statute (now Sec. 11, Chap. 297, G. L. 1923) provides that any form of conveyance in writing duly signed and delivered by the grantor, shall be operative to convey to the grantee all the possession, estate, title and interest, of the grantor absolutely in and to the land conveyed, unless otherwise expressly limited and, if otherwise expressly limited, shall convey such property for the time or estate or on the condition, use or trust so declared without any other act or ceremony and, if also duly acknowledged or recorded, shall be operative as against third parties. The effect of these statutes is: that when the intention of the grantor to

convey an estate can be ascertained from any form of conveyance in writing duly signed and delivered, that is sufficient. The form of the conveyance is then subordinate to such intention. *Disley* v. *Disley*, 30 R. I. 366; *Buzenac for an Opinion*, 50 R. I. 429.

An examination of the entire instrument executed by John Q. Bradish in 1911 clearly reveals his intention. The instrument is entitled an indenture and is executed by the two parties named therein. The consideration to the party of the first part (Bradish) is "the stipulations, covenants and agreements hereinafter reserved and contained." The only operative words of conveyance are: "demise and lease." The property conveyed is for "the term of . . .''; the "demise and lease" is upon condition that the party of the second part and their children keep the buildings in repair, pay the taxes and assessments upon the premises and keep the buildings insured against loss or damage by fire. The form and the language of the instrument are adapted to the grant of a lease. Except for the *habendum* clause, which is inconsistent with the remainder, there is no evidence of an intention to make an absolute conveyance either for life or in fee simple. The concluding clause, which provides that the "lessor" reserves to himself the right "to make such changes in the terms and conditions of this lease as he may deem desirable," dispels any obscurity as to the grantor's intention. Upon consideration of all parts of the instrument, the conclusion is irresistible that the grantor intended to reserve the power to control this property during his life and did not intend to convey an absolute estate to either Leola or her children.

It is well settled that a grantor may by a condition reserve the power to revoke a voluntary conveyance during his lifetime. The reservation of such a power is not inconsistent with the conveyance, as it merely involves the creation of an executory limitation in favor of the grantor. Tiffany, Real Property, Vol. 1. § 316; Jones, Law of Real

440

Property in Conveyancing, Vol. 1, § 666; *Jones* v. *Clifton*, 101 U. S. 225. See also *Aylsworth* v. *Whitcomb*, 12 R. I. 298.

In *Waterman* v. *Andrews*, 14 R. I. 589, this court approved the prevailing rules of construction of deeds which contain inconsistent and repugnant clauses as follows: Effect is to be given to every part of a deed when consistent with the intention of the grantor; when this is impossible, the part which is repugnant to the intention is rejected. Whenever the language used is susceptible of more than one meaning to aid in the construction of a document, the courts will consider extrinsic evidence of the circumstances existing at the time of its execution and the acts of the parties at that time and subsequent thereto.

Considering the entire document in the light of the circumstances at its execution and the subsequent conduct of both parties, it is clear that the instrument in question was inartificially drawn and that neither party to the agreement regarded it as an absolute conveyance of any title. The *habendum* clause on which plaintiff much relies would probably be sufficient to convey an absolute estate to him if the grantor had so intended. In this connection, however, it is to be noted that in *Holland* v. *Keyes*, 24 R. I. 289, a much more definite *habendum* clause in a deed was held to be insufficient to convey title because of the lack of any operative words of conveyance to support it.

Plaintiff's claim of title is surely no stronger than his mother's. Whatever the extent of the estate granted to either may have been, both estates have been terminated by the method provided in the instrument that created them.

The exception of the plaintiff is overruled and the case is remitted to the Superior Court for the entry of judgment on the decision.

*Hinckley, Allen, Tillinghast, Phillips & Wheeler, Mason B. Merchant, Everett S. Wilkins, Jr., Samuel H. Levy*, for plaintiff.

*John A. Tillinghast, Arthur E. Munro*, for defendant.