**David MATTOS et al.**

v.

**Lisa SEATON, Alias et al.**

**No. 2003–166–Appeal.**

Supreme Court of Rhode Island.

Jan. 16, 2004.

Frederick Costello, Warwick, for Plaintiff.

Henry J. Blais, III, Pawtucket, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, and SUTTELL, JJ.

# OPINION

PER CURIAM.

Gnawing on a purported easement to gain access to a road, these abutting property owners now lay their bone of contention at our door. The defendant,[1] Lisa Seaton, appeals from the entry of summary judgment in favor of the plaintiffs, David Mattos and Diane Mattos. The par-

---

1. The holder of the mortgage on Lisa Seaton's property, Central Falls Credit Union, is a co-defendant in this case.

ties own adjacent lots in the Town of Cumberland (town). The defendant contends that the original owners of both lots attempted to create an easement in favor of the defendant's lot across the plaintiffs' property and that the easement did not terminate when the defendant's lot ceased to be landlocked and gained access to another street. The defendant also contends that the hearing justice impermissibly made findings of fact in granting summary judgment. On appeal, we make no bones about this matter: no legal easement ever existed. Consequently, we affirm the summary judgment.

 The general rule is that no easement can be created over a section of land in favor of another adjoining parcel when one owner owns both properties. *Catalano v. Woodward*, 617 A.2d 1363, 1367 (R.I. 1992). An exception to that rule, however, exists in favor of the grantee of a portion of a land from a larger parcel. *Id.* But, for this exception to apply, the easement or right of way must be delineated on a properly recorded subdivision or plat that is referenced in the deed to the grantee whose property claims the benefit of the easement. *Id.* Here, however, because no recorded plat or subdivision referenced the alleged easement, the exception did not apply. And even if a recorded plat or subdivision had referenced the right of way, the easement ended by its terms when the lot benefited by the easement gained access to the adjacent street and thereby no longer was landlocked. Consequently, we affirm the judgment.

## Facts and Travel

When the Superior Court decided this case, plaintiffs owned lot 222 on assessor's plat 10 at 785 High Street in the town. The defendant owned the contiguous lot 223 on assessor's plat 10 at 787 High Street. Although lot 223 possessed a High Street address, it was not contiguous to High Street when the original owners of both lots created lot 223. Rather, lot 223 was landlocked and it ran along the easterly side of lot 222. And for some period previous to the lawsuit, Amherst Street did not extend alongside lot 223.

James and Katherine Dacey originally owned the entire property underlying both lots. In December 1977, they subdivided the property into lots 222 and 223. To provide the landlocked lot 223 with access to a paved road, the Daceys also purportedly created an easement in favor of lot 223 across lot 222, thereby allowing lot 223 to obtain access to High Street. After a description of the easement, the deed specified that "[s]aid premises and right of way are shown on that certain *unrecorded* plat entitled, 'Property of James A. & Katherine M. Dacey Cumberland, R.I. Scale 1 IN. = 40 FT. September, 1977 by Howard F. Esten Associates.'" (Emphasis added.) The deed also provided that "[s]aid right of way shall terminate when access to the above described premises is provided through said Amherst Street."

On October 16, 1981, the Daceys conveyed lot 223 to Peter M. Keefe and Paula M. Keefe (the Keefes). The recorded deed stated that "[s]aid premises are conveyed together with right of way of record. Said premises and right of way are shown on that certain *unrecorded* plat entitled, 'Property of James A. & Katherine M. Dacey Cumberland, R.I. Scale 1 IN. = 40 FT. September, 1977 by Howard F. Esten Associates.'" (Emphasis added.) Thereafter, the owners of the lots in question conveyed them to later owners, also referencing the right of way shown on the same unrecorded plat. In 2000, defendant acquired lot 223, and in 2001, plaintiffs acquired lot 222.

In December 2001, plaintiffs filed this declaratory judgment action. They sought

a judgment declaring that the right of way was null and void and they also requested injunctive relief restraining defendant from making use of the right of way across their property. In due course, plaintiffs moved for summary judgment. The uncontradicted evidence indicated that, when the parties argued this case to the Superior Court, defendant's lot 223 had acquired access to Amherst Street. Consequently, plaintiffs contended that the Daceys' original easement was now void because the language creating it specified that the easement would terminate once lot 223 obtained access to Amherst Street. The plaintiffs also alleged that the Daceys' original easement was void *ab initio* because of the merger doctrine. The defendant argued that an easement was still in place because the Daceys' conveyance to the Keefes constituted a new easement that did not contain a termination provision.

The motion justice granted summary judgment in favor of plaintiffs, ruling that the later deeds referred to a void easement and therefore no true easement ever existed. She declared that the alleged easement was null and void and restrained defendant from utilizing the putative right of way.

On appeal, a single justice of this Court ordered the parties to show cause why we should not decide this appeal summarily. Because they have not done so, we proceed to resolve the appeal at this time.

The defendant argues that the Daceys' attempted creation of the purported easement was void *ab initio* because they owned both lots at the time. Under the doctrine of merger, she contends, they could not burden one of their lots with an easement while they still held full title in fee to both lots. The defendant contends that the Daceys' conveyance to the Keefes of lot 223 "together with a right of way of record" actually created a new easement that did not have a condition for termination, unlike the original easement that specified that it would terminate once lot 223 obtained access to Amherst Street. Therefore, defendant argues, an easement in favor of lot 223 continued to be in force along lot 222. The defendant additionally suggests that the motion justice impermissibly found that the language of the deeds did not refer to anything. The defendant also takes issue with the court's alleged factual finding that the later deeds referred to the Daceys' original easement, suggesting instead that the deeds actually referred to a new easement that the Daceys created when they conveyed lot 223 to the Keefes.

The plaintiffs respond that no new easement ever existed because the only purported easement referenced in the deeds was the Daceys' original purported easement, one that was void *ab initio* under the doctrine of merger. All of the later deeds referenced the same unrecorded plat that supposedly described the original easement. In addition, the plaintiffs point out that no one has produced this unrecorded plat or any description of the easement supposedly conveyed to the Keefes—except by reference to the Daceys' void original easement. Thus, plaintiffs contend, defendant failed to present competent evidence of the easement's existence. The plaintiffs also argue that the intent of the Daceys in attempting to create the easement in the first place was for it to terminate when lot 223 obtained access to Amherst Street. Therefore, in effectuating the original intent for granting the easement, they insist that it no longer existed when the court granted summary judgment, because defendant's lot previously had obtained access to Amherst Street. Indeed, defendant has built a paved 150 foot driveway on lot 223 opening

onto Amherst Street. With respect to the issue of whether the motion justice indulged in any fact-finding, plaintiffs argue that the motion justice did not make any findings of material fact; rather, she resolved key legal issues in the case based on the undisputed facts.

■ "This Court reviews the granting of a motion for summary judgment on a *de novo* basis, applying the same criteria as the trial court." *Rubery v. Downing Corp.*, 760 A.2d 945, 946 (R.I.2000) (per curiam) (quoting *Carlson v. Town of Smithfield*, 723 A.2d 1129, 1131 (R.I.1999) (per curiam)). When it appears from a review of the evidence, viewed in the light most favorable to the nonmoving party, that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law, we will affirm the Superior Court's grant of summary judgment. *Id.*

■ In this case, no material questions of fact were in dispute. Given the undisputed factual situation, the motion justice faced a legal question about whether a valid easement was in force. The party claiming the benefit of an easement must demonstrate its existence by clear and convincing evidence. *Berberian v. Dowd*, 104 R.I. 585, 589–90, 247 A.2d 508, 510–11 (1968). Generally, "[u]nder the merger doctrine, when both the dominant and servient estates are vested in one party, the easement is extinguished." *Nunes v. Meadowbrook Development Co.*, 824 A.2d 421, 423 (R.I.2003) (per curiam). Indeed, "[b]ecause unity of possession destroys existing easements, no easement can be created over a section of land that is unified in the possession of one owner." *Catalano*, 617 A.2d at 1367. An exception to that general rule, however, exists: "When a portion of land is granted from a larger parcel, the grantee can successfully claim rights of easement to a remaining

portion, *if it had traditionally been used to benefit his land and a right of way has been delineated on a plat or subdivision and that subdivision has been properly recorded and referred to in the deed." Id.* (Emphasis added.) Our policy is to effectuate the intent of the parties in construing instruments purporting to create easements. *See id.*

■ Here, in 1977, the Daceys attempted to create an easement between two contiguous lots that they owned. Under the doctrine of merger, the Daceys' attempt to create such an easement between properties under common ownership was ineffectual as a matter of law and, therefore, void *ab initio. See id.* Also, they failed to create an easement when they later conveyed lot 223 to the Keefes. In conveying lot 223 and in stating that the conveyance included "the right of way of record," the Daceys clearly referred to the easement that they believed they had created previously but which, as a matter of law, was void because of the merger doctrine. Under the exception set out in *Catalano*, the easement nevertheless would have been in force (despite the doctrine of merger) if it had been traditionally used to benefit lot 223 and if it had been delineated on a properly recorded plat or subdivision referenced in the deed. But in this case, the exception did not apply because the referenced plat was not recorded. Therefore, no valid easement across lot 222 ever existed.

■ In any event, the intent of the Daceys was that any easement would terminate when lot 223 gained access to Amherst Street. Even the latter deeds appear to point to the easement that the Daceys originally described, one that always carried the condition that it would terminate once lot 223 obtained access to Amherst Street. Thus, for example, the

terms of the deed to the Keefes do not indicate that the Daceys intended to create an entirely new easement that would continue in existence even after lot 223 gained access to Amherst Street. Rather, they refer back to "the right of way of record"; that is, to the purported easement that the Daceys attempted to create in 1977—one that, in any event, would terminate when lot 223 gained access to Amherst Street.

When, as here, the written terms of an agreement are clear and unambiguous, they can be interpreted and applied to the undisputed facts as a matter of law. *See W.P. Associates v. Forcier, Inc.*, 637 A.2d 353, 356 (R.I.1994). Thus, we hold that the plaintiffs were entitled to summary judgment because, as a matter of law, no easement existed across lot 222. Also, because the defendant did not argue that any easement existed by prescription or by implication, we have no occasion to address whether an easement existed under one or both of these theories.

For these reasons, we affirm the summary judgment in favor of the plaintiff.

Justice FLAHERTY did not participate.