**Supreme Court**

No. 2014-5-Appeal.
(PC 12-4718)

Virginia B. Kinder, individually and in her   :
capacity as Trustee of the Virginia B.
Kinder Trust.

v.                     :

Jil Westcott et al.           :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Virginia B. Kinder, individually and in her   :
   capacity as Trustee of the Virginia B.
          Kinder Trust.

              v.               :

   Jil Westcott et al.            :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.** This case came before the Supreme Court on December 4, 2014, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. The plaintiff, Virginia B. Kinder[1] (plaintiff), appeals from a Superior Court judgment which declared that Jil Westcott (defendant) had established the existence of an express easement appurtenant. After hearing the arguments of counsel and examining the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that this case should be decided without further briefing or argument. Because we hold, pursuant to the express terms of the recorded instrument creating the easement, that the easement was freely assignable and appurtenant to the defendant's land, we affirm the judgment of the Superior Court.

---

[1] Virginia B. Kinder passed away while this appeal was pending; Edward Austin—her nephew and co-executor of her estate—is substituted as plaintiff.

**Facts and Travel**

The plaintiff currently owns a parcel of land located at 158 Poppasquash Road, Bristol, Rhode Island, designated as assessors plat No. 182, lot No. 9 (lot No. 9). Additionally, plaintiff owns real property designated as assessors plat No. 182, lot No. 6 (lot No. 6). The defendant currently owns a lot located at 153 Poppasquash Road, Bristol, Rhode Island, designated as assessors plat No. 182, lot No. 15 (lot No. 15). This controversy arose from an easement over a sixteen-foot wide right-of-way that runs along a driveway on lot No. 9 and a portion of lot No. 6. The easement allows access to Poppasquash Road from defendant's property.

The following brief history sets forth the facts relevant to this appeal. In 1952, Ralph F. Kinder (Ralph),[2] plaintiff's late husband, conveyed lot No. 15 to his brother Joseph C. Kinder (Joseph). Ralph and plaintiff owned lot No. 9 in a joint tenancy; and Ralph, individually, owned lot No. 6. On March 18, 1961, Ralph and plaintiff executed a grant of an easement, in favor of Joseph. The easement was sixteen feet in width, extended from lot No. 15 over portions of lots Nos. 6 and 9, and provided Joseph with access to Poppasquash Road from lot No. 15. The instrument contains the following pertinent language:

> "JOSEPH C. KINDER * * * hereinafter called Grantee, which expression shall include his executors, administrators, heirs and assigns, of the other part.
>
> "* * *
>
> "[I]n consideration of the total sum of Ten ($10) Dollars, paid by Grantee to Grantors, as Joint Tenants, and to RALPH F. KINDER, in his sole and individual capacity, the respective receipts whereof are hereby acknowledged, Grantors hereby grant unto Grantee the full and free right and liberty for him, his tenants, agents, servants, employees, licensees, guests and invitees, in common with all others having the like right, at all times hereafter, on foot or with

---

[2] For ease of reference, first names may be used throughout this opinion. No disrespect is intended.

vehicles of any description, for all lawful purposes connected with the use and enjoyment of Grantee's aforedescribed two (2) parcels of land, to pass and repass over, upon and across a certain strip of land sixteen (16) foot [sic] wide, as presently located, extending southerly from said Poppasquash Road * * *.

"* * *

"To Have and to Hold the same unto Grantee, his executors, administrators, heirs and assigns, as appurtenant to said lands of Grantee and every part thereof."

Upon Ralph's death, plaintiff became the owner of lots Nos. 6 and 9. Joseph died in 1986, but his wife, Shirley N. Kinder (Shirley), and their children continued to use the easement across lots Nos. 6 and 9 for access to lot No. 15.

In 2002, Shirley passed away and her estate became the owner of lot No. 15. Later in 2002, the Town of Bristol approved the merger of lot No. 15 with lot No. 17, thus creating a buildable lot. On June 28, 2004, Shirley's son, in his capacity as executor of Shirley's estate, conveyed this lot—now designated as lot No. 15—to defendant. A few years later, defendant constructed a home on lot No. 15, and her family began using the right-of-way across lots Nos. 6 and 9 to access Poppasquash Road from their property.[3] In 2012, plaintiff sent cease-and-desist letters to defendant, demanding that defendant stop using the right-of-way.

On September 10, 2012, plaintiff filed this action, seeking a declaratory judgment to quiet title to the right-of-way and damages for trespass. The defendant counterclaimed that her right of access derived from an instrument expressly granting the owner of lot No. 15 an easement appurtenant. Subsequently, defendant moved for summary judgment, asserting that she had an express easement permitting her to travel on the right-of-way. In opposition to summary

---

[3] The plaintiff asserts that, during construction of defendant's home, the contractors did not use the right-of-way across lots Nos. 6 and 9; instead, plaintiff states that the contractors accessed lot No. 15 through property owned by Joseph and Shirley's son.

- 3 -

judgment, plaintiff submitted an affidavit declaring that plaintiff, as grantor, did not intend for the easement to run with the land; instead, she intended the easement to serve only Joseph and his family.

On October 1, 2013, a hearing on defendant's motion for summary judgment was held in Providence County Superior Court. The defendant argued that the language in the instrument that created the easement was clear and unambiguous, citing the habendum clause[4] which stated, "To Have and to Hold the same unto Grantee, his executors, administrators, heirs and assigns, as appurtenant to said lands of Grantee and every part thereof." (Emphasis added.) Conversely, plaintiff argued that the instrument was ambiguous because the language in the granting clause— which omitted "heirs and assigns"—conflicted with the language in the habendum clause. According to plaintiff, this ambiguity requires extrinsic evidence on the grantors' intent when construing the document. The plaintiff contends that the grantors did not intend for the easement to run with the land.

After hearing the arguments of counsel, the trial justice found that the language in the instrument created an express easement in favor of Joseph and his heirs and assigns. Specifically, the trial justice noted that both the definition of grantee and the language of the habendum clause referenced the grantee's "heirs and assigns." He concluded that this was clear and convincing evidence that the easement would be for the benefit of Joseph's heirs and assigns and was appurtenant to the dominant estate. Accordingly, the trial justice granted defendant's motion for summary judgment from which plaintiff timely appealed.

---

[4] "The introductory words to the [habendum] clause are ordinarily to have and to hold." Black's Law Dictionary 825 (10th ed. 2014) (emphasis added).

**Issue on Appeal**

Before this Court, plaintiff contends that the trial justice erred in granting summary judgment, arguing that the creation of an easement appurtenant involves questions of fact. The defendant asserts that the language of the easement clearly and unambiguously granted a right of easement to the assigns of Joseph, such that summary judgment appropriately was granted.

**Standard of Review**

"In reviewing the Superior Court's judgment on a motion for summary judgment, we examine the matter de novo and apply the same standards as those used by the trial court." Hazard v. East Hills, Inc., 45 A.3d 1262, 1268 (R.I. 2012) (quoting Tavares ex rel. Guiterrez v. Barbour, 790 A.2d 1110, 1112 (R.I. 2002)). "[W]e view the evidence in the light most favorable to the nonmoving party * * *." Long v. Dell, Inc., 93 A.3d 988, 995 (R.I. 2014) (quoting Sullo v. Greenberg, 68 A.3d 404, 406 (R.I. 2013)). "Summary judgment is appropriate only when 'there is no genuine issue as to any material fact and * * * the moving party is entitled to judgment as [a] matter of law.'" Id. at 995-96 (quoting Sola v. Leighton, 45 A.3d 502, 506 (R.I. 2012)).

**Analysis**

"Although a plaintiff in a civil action is ordinarily required to prove his or her case by only a preponderance of the evidence, a plaintiff seeking to prove an easement must instead 'overcome a higher clear and convincing standard[.]'" Pelletier v. Laureanno, 46 A.3d 28, 35 (R.I. 2012) (quoting Ondis v. City of Woonsocket ex rel. Treasurer Touzin, 934 A.2d 799, 803 (R.I. 2007)). When interpreting an instrument that purportedly creates an easement, this Court must effectuate the intent of the parties. See Carpenter v. Hanslin, 900 A.2d 1136, 1147 (R.I. 2006). When construing its provisions, this Court examines the entire deed. See Bradish v. Sullivan, 54 R.I. 434, 440, 173 A. 117, 119 (1934). However, when the provisions of a written

agreement are clear and unambiguous, such provisions "'can be interpreted and applied to the undisputed facts as a matter of law'" and "neither oral testimony nor extrinsic evidence will be received to explain the nature of extent of the rights acquired." Carpenter, 900 A.2d at 1147 (quoting Mattos v. Seaton, 839 A.2d 553, 557 (R.I. 2004)).

"[T]o create an easement by express grant, there must be a writing containing plain and direct language evincing the grantor's intent to create a right in the nature of an easement rather than a license." Pelletier, 46 A.3d at 36 (quoting 25 Am. Jur. 2d Easements and Licenses § 15 at 513 (2004)). In the case before us, the language in the deed is clear and unambiguous. The first paragraph of the instrument defines the term "grantee" to include "his executors, administrators, heirs and assigns[.]"[5] (Emphasis added.) Even though the granting clause[6] does not specifically include the words "heirs and assigns," that clause must be read in harmony with this definition which includes the grantee's heirs and assigns. In fact, because the definition of grantee also embraced the grantee's "heirs and assigns," repeating the terms in the granting clause would amount to surplusage.

---

[5] The exact language in the definition clause states: "JOSEPH C. KINDER * * * hereinafter called Grantee, which expression shall include his executors, administrators, heirs and assigns, of the other part."

[6] The language of the granting clause is as follows:

> "[I]n consideration of the total sum of Ten ($10) Dollars, paid by Grantee to Grantors, as Joint Tenants, and to RALPH F. KINDER, in his sole and individual capacity, the respective receipts whereof are hereby acknowledged, Grantors hereby grant unto Grantee the full and free right and liberty for him, his tenants, agents, servants, employees, licensees, guests and invitees, in common with all others having the like right, at all times hereafter, on foot or with vehicles of any description, for all lawful purposes connected with the use and enjoyment of Grantee's aforedescribed two (2) parcels of land, to pass and repass over, upon and across a certain strip of land sixteen (16) foot [sic] wide, as presently located, extending southerly from said Poppasquash Road * * *."

Furthermore, the habendum clause also refers to "heirs and assigns" when referencing the grantee, thus confirming that defendant's easement was appurtenant.[7]   Lastly, an easement is presumed to be appurtenant and the language in the instrument before us plainly indicates that the easement is "appurtenant to said lands." <u>See</u> <u>Thomas v. Ross</u>, 119 R.I. 231, 240, 376 A.2d 1368, 1373 (1977).   Therefore, we conclude that the trial justice correctly concluded that the easement runs with the land.

Accordingly, we are satisfied that the easement was assignable and that the instrument created an easement appurtenant.

**Conclusion**

For the foregoing reasons, we affirm the judgment of the Superior Court, to which the papers in this case may be remanded.

---

[7] The habendum clause states:  "To Have and to Hold the same unto Grantee, <u>his executors, administrators, heirs and assigns, as appurtenant</u> to said lands of Grantee and every part thereof." (Emphasis added.)



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**   Virginia B. Kinder, individually and in her capacity as Trustee of the Virginia B. Kinder Trust v. Jil Westcott et al.

**CASE NO:**   No. 2014-5-Appeal.
(PC 12-4718)

**COURT:**   Supreme Court

**DATE OPINION FILED:**   January 12, 2015

**JUSTICES:**   Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**   Associate Justice Maureen McKenna Goldberg

**SOURCE OF APPEAL:**   Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Joseph A. Montalbano

**ATTORNEYS ON APPEAL:**

For Plaintiff:  John M. Verdecchia, Esq.

For Defendants:  Rachelle R. Green, Esq.