Joanne WOODSTOCK

v.

Everett SHERMAN et al.

No. 2000–274–Appeal.

Supreme Court of Rhode Island.

May 8, 2002.

Joseph J. Altieri, Cranston, for Plaintiff.

Kathleen Wyllie, Warwick, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on April 9, 2002, pursuant to an order that directed both parties to appear to show cause why the issues raised by this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The facts pertinent to this appeal are as follows.

The defendant, Everett Sherman (defendant), appeals from an order granting a motion for a new trial. The facts are essentially uncontested. On the afternoon of January 31, 1996, defendant's vehicle collided with a vehicle driven by plaintiff, Joanne Woodstock (plaintiff), at the intersection of Sailor Way and Plainfield Pike in Cranston. The roads were slippery at the time because it had been snowing for about thirty minutes to an hour before the accident. As plaintiff approached the intersection, her vehicle slid about five to ten feet before stopping at the red light. While plaintiff was waiting for the light to change, defendant's vehicle, traveling fifteen miles per hour, also slid after he applied his brakes, and it rear-ended plaintiff's automobile. At the time, defendant had been driving with a suspended license.

A two-day Superior Court jury trial began on February 23, 2000. The only issue at trial was whether defendant was negligent and caused the collision. Both plaintiff and defendant testified at the trial. At the conclusion of the trial, the jury deliberated for a short time and returned a verdict in favor of defendant. Subsequently, plaintiff filed a motion for a new trial, which the trial justice granted. The defendant timely appealed.

■ The defendant argues that the trial justice erred by considering evidence not contained in the record when he granted the motion for a new trial in favor of plaintiff. We agree.

■ It is well settled that the trial justice, in considering a motion for a new trial, functions as a "superjuror." *English v. Green*, 787 A.2d 1146, 1149 (R.I.2001) (quoting *Long v. Atlantic PBS, Inc.*, 681 A.2d 249, 254 (R.I.1996)). The trial justice's determination will not be disturbed if he "reviews the evidence, comments on the weight of the evidence and the credibility of the witnesses, and exercises his * * * independent judgment" unless the trial justice "overlooked or misconceived material and relevant evidence or was otherwise clearly wrong." *Id.* (quoting *Kurczy v. St. Joseph Veterans Association, Inc.*, 713 A.2d 766, 770 (R.I.1998)).

In the instant case, the trial justice properly reviewed the credibility of the witnesses, finding both to be "credible." The trial justice also considered the evidence presented, noting that while defendant was driving with a suspended license, it was "not controlling." Finally, the trial justice stated that defendant did not over-

come his burden to rebut "the prima facie presumption of negligence when a rear-end collision occurs," thus "justice was not done [in this case]" and a new trial was warranted.

However, the trial justice committed reversible error by mistakenly relying upon facts that were not in evidence. Specifically, the trial justice twice stated that the defendant saw the plaintiff slide before coming to a stop at the intersection even though neither the defendant nor the plaintiff testified to that fact at trial.

Accordingly, the defendant's appeal is sustained. The judgment of the Superior Court is vacated. The case is remanded with our direction that judgment be entered for the defendant.