Charles VAILLANCOURT

v.

Richard MOTTA et al.

No. 2008–310–Appeal.

Supreme Court of Rhode Island.

Nov. 25, 2009.

Richard D'Addario, Esq., Newport, for Plaintiff.

Jeremiah C. Lynch, III, Esq., Middletown, for Defendants.

Present: SUTTELL, C.J., GOLDBERG, FLAHERTY, ROBINSON, JJ., and WILLIAMS, C.J. (ret.).

## O P I N I O N

Chief Justice SUTTELL, for the Court.

A shared sewer pipe is the cause of this dispute between neighboring Newport property owners. The defendants, Daniel Greer, Sarah Greer, and Rebecca Bartlett f/k/a Rebecca Durand, appeal from a Superior Court summary judgment entered in favor of the plaintiff, Charles Vaillancourt. The judgment permanently restrained and enjoined the defendants from maintaining the sewer pipe across the plaintiff's property.

This case came before the Supreme Court for oral argument pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After reviewing the record and considering the parties' submissions, we are satisfied that the appeal may be decided without further briefing or argument. For the reasons set forth in this opinion, we vacate the judgment of the Superior Court.

## I

### Facts and Procedural History

The material facts are not in dispute. The plaintiff owns a parcel of real estate at 31 Mount Vernon Street in Newport, Rhode Island. The defendants own two of six units in the Joseph Bailey House Condominium located on a lot directly to the east of plaintiff's property at 30 Kay Street. The plaintiff's lot and the condo-minium lot were a single parcel until 1954, when the property was subdivided.

At the time of the subdivision, the parcel contained a main house on defendants' future property and a carriage house on plaintiff's future property. Both buildings were served by a single sewer line, which runs from the main house to Mount Vernon Street, traversing what is now plaintiff's property. The residents of both properties continued to use the existing sewer line after the property was subdivided.

The present controversy arose when plaintiff purchased the Mount Vernon Street property in 2007 and tore down the carriage house to build a new house on a different portion of the property. While the house was under construction, plaintiff applied to the city for a permit to install a new sewer pipe that would tie into the city sewer line under Mount Vernon Street. Newport's Public Works Department denied his request because of the presence of the original sewer pipe. The plaintiff then demanded that defendants remove the existing pipe and relocate their line to Kay Street, but defendants refused. Thereafter, plaintiff relocated the original sewer pipe to accommodate his new home at a cost of $7,970.

On August 16, 2007, plaintiff filed the current action against the six owners of the condominium units. In his complaint he sought a declaration from the Superior Court that the existence of the sewer pipe on his property was an unlawful trespass. The plaintiff also sought to enjoin defendants from maintaining the sewer pipe on his property. Daniel and Sarah Greer answered,[1] alleging that they had an implied

1. The attorney for the Greers thereafter entered an appearance on behalf of Rebecca Bartlett. The record does not indicate that Ms. Bartlett ever joined the answer, or filed her own answer. Nonetheless, plaintiff did not raise this issue, and so it is waived for the purposes of the instant appeal. *See, e.g., Saber v. Dan Angelone Chevrolet, Inc.*, 811 A.2d 644, 649 (R.I.2002).

easement for the sewer line. Thereafter, plaintiff filed a motion for summary judgment, which was granted on April 14, 2008. Judgment was entered for plaintiff on April 21, 2008. After the motion justice denied defendants' motion to reconsider, defendants timely appealed to this Court.

## II

## Standard of Review

 We review a trial justice's decision to grant summary judgment *de novo*. *United Lending Corp. v. City of Providence*, 827 A.2d 626, 631 (R.I.2003). "Summary judgment is appropriate when, viewing the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party, the [C]ourt determines that there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Delta Airlines, Inc. v. Neary*, 785 A.2d 1123, 1126 (R.I.2001). The party opposing a motion for summary judgment "carries the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot rest on allegations or denials in the pleadings or on conclusions or legal opinions." *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1225 (R.I.1996).

## III

## Analysis

On appeal, defendants assign error to the motion justice's entry of summary judgment in favor of plaintiff.[2] First, defendants contend that the existence *vel non* of an easement by implication requires a fact-intensive inquiry and that genuine issues of material fact remain, specifically with respect to circumstances present at the time of subdivision in 1954, that preclude the granting of summary judgment. Second, defendants argue that the motion justice erred by not finding that an easement by implication existed. Finally, defendants contend that plaintiff failed to serve the other unit owners in the Joseph Bailey House Condominium, and thus he failed to join indispensable parties.

## A

## Easement by Implication

 Both parties recognize that this Court was confronted with a factually similar case in *Wiesel v. Smira*, 49 R.I. 246, 142 A. 148 (1928). The issue in *Wiesel* was also whether the defendants acquired an easement by implication for a sewer line on the plaintiff's property after a severance. In that case, this Court concluded that an implied easement for the sewer line did exist. Mr. Vaillancourt attempts to distinguish the present case from *Wiesel* by arguing that defendants in this case failed to demonstrate current necessity.[3]

 It is well established that "[a]n implied easement is predicated upon the theory that when a person conveys property, he or she includes or intends to include in the conveyance whatever is necessary for the use and the enjoyment of the land retained." *Hilley v. Lawrence*, 972 A.2d 643, 650 (R.I.2009) (quoting *Bovi v. Murray*, 601 A.2d 960, 962 (R.I.1992)). "[T]he test of necessity is whether the easement is reasonably necessary for the convenient and comfortable enjoyment of the property as it existed when the severance was

---

2. Although defendants refer to a cross-motion for summary judgment in their brief to this Court, the record does not disclose that defendants ever filed such a motion.

3. The plaintiff does not dispute that the sewer pipe meets the other elements of an implied easement.

made."[4] *Wiesel,* 49 R.I. at 250, 142 A. at 150; *see also Ondis v. City of Woonsocket ex rel. Touzin,* 934 A.2d 799, 805 (R.I.2007) (citing *Nunes v. Meadowbrook Development Co.,* 824 A.2d 421, 424 (R.I.2003)). Further, as we said in *Wiesel,* when a property is "sold fully equipped with visible plumbing and appliances to carry off waste and water, there can be no serious dispute that the use of [a] drain pipe was reasonably necessary for * * * convenient and comfortable enjoyment of the property." *Wiesel,* 49 R.I. at 250–51, 142 A. at 150.

The plaintiff provided evidence that it would be possible, today, for defendants to tie into the Kay Street sewer line, and therefore he asserts that the easement is unnecessary. The proper inquiry for the existence of an easement by implication, however, focuses on the facts and circumstances at the time of severance. *See Ondis,* 934 A.2d at 805. In the case under review, plaintiff did not offer any evidence concerning the facts and circumstances present in 1954. Specifically, plaintiff did not submit any evidence tending to demonstrate that defendants' predecessor in title could have tied into the Kay Street sewer line in 1954.

Although defendants would have the burden of proving their affirmative defense of an implied easement at trial, plaintiff had the burden to show there were no issues of material fact in controversy on his motion for summary judgment. We are satisfied that he failed to carry that burden.

## B

### Indisispensable Parties

The defendants also argue that summary judgment was improper because plaintiff failed to serve all of the unit owners in the Joseph Bailey House Condominium. They contend that all of the unit owners are indispensable parties because they all would be bound by the Superior Court's judgment requiring the removal of the sewer line. Although our rules of procedure do not provide for motions to reconsider, such motions may be treated as motions for relief from judgment under Rule 60(b) of the Superior Court Rules of Civil Procedure. *See Tonetti Enterprises, LLC v. Mendon Road Leasing Corp.,* 943 A.2d 1063, 1068 (R.I.2008).

It appears from the record that the defendants advanced this argument for the first time in their motion to reconsider.[5] The record is clear, however, that the defendants appealed only from the grant of summary judgment and not from the denial of the motion to reconsider. The defendants filed a notice of appeal on May 8, 2008, one day before the entry of the order denying their motion to reconsider. We decline, therefore, to address the merits of this argument.

## IV

### Conclusion

For the reasons set forth in this opinion, we vacate the grant of summary judgment in favor of the plaintiff. The papers in the

**4.** This Court recently noted that, in the majority of states, implied easements require a showing of continued necessity. *Ondis v. City of Woonsocket ex rel. Touzin,* 934 A.2d 799, 805 (R.I.2007). However, in that same case, we reaffirmed our test for easements by necessity under which necessity is determined as of the time of severance, and therefore a showing of current necessity is not required. *Id.* at 805.

**5.** The defendants did not provide this Court with any transcripts.

989

case shall be returned to the Superior Court for further proceedings.